UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZABIAN ROWE | CIVIL ACTION<br>NO. 2:17-cv-09376 |
| VERSUS | SECTION "I"<br>JUDGE AFRICK |
| HOSPITAL HOUSEKEEPING<br>SYSTEMS, LLC | MAG. DIV. (1)<br>MAG. JUDGE VAN MEERVELD |

## MEMORANDUM IN SUPPORT OF DENIAL OF
## MOTION FOR CONDITIONAL CERTIFICATION

"**While the burden imposed is not particularly heavy, conditional certification is by no means automatic**." ***See Badgett v. Texas Taco Cabana, L.P.,*** (S.D.Tex .10/12/2006) (Miller, J.)

Defendant Hospital Housekeeping Systems, LLC ("HHS") files this Memorandum in opposition of Plaintiff's Motion for Conditional Class Certification. As set forth below, this Court should not conditionally certify Plaintiff's proposed collective action.

## STATEMENT OF FACTS

HHS is a leader in the hospital service industry throughout the country and operates at multiple facilities within Louisiana. Plaintiff has brought this action against HHS alleging violation of the Fair Labor Standards Act ("FLSA"). Relying on the Petition, together with affidavits from an alleged class member, Plaintiff seeks to certify this matter as a collective action. At this point, Plaintiff has not produced any other documents, including those referenced in its Initial Disclosures in support of his motion.

As a preliminary matter, HHS denies Mr. Rowe's allegation that his hours were "reduced." Instead, Mr. Rowe alerted his manager that there was an issue with his hours during

discreet pay periods.  His hours were then reviewed and adjusted and a separate check was issued for the amount due. Upon information and belief, Mr. Rowe has been fully compensated for all the time he worked for HHS.  The environment in which HHS operates requires employees to clock in and out for shifts.  For a variety of reasons, employees' timecards may not reflect the shift worked due to forgetting to clock in/out or break periods.  HHS has a specific policy for any employee to review any issues with pay. If an employee was not properly paid, HHS issues a separate check to properly compensate the employee for any time worked.  Additionally, the site manager frequently reviews the timecards to ensure they are correct during the pay period.

Mr. Rowe alleges he was fired on September 23, 2015, after requesting his time audit.  ***In reality, Mr. Rowe was terminated for a violation of HHS and hospital policy after he filmed an incident with a security officer at the hospital.*** The unauthorized filming and notice of termination was prior to September 23, 2015.   It is unfortunate that Mr. Rowe has chosen to ignore the reason for his termination in his filing but it is illustrative of the incomplete nature of the recitation of facts given to this Court. Finally, Mr. Rowe previously initiated an investigation with the Department of Labor, which was unable to substantiate his allegation.

## ARGUMENT

1. **Conditional Certification under FLSA 216(b) Should be Denied**

    a. **Plaintiff has failed to Demonstrate the a class should be Conditionally Certified**

HHS acknowledges that the standard for granting Conditional Certification is a lenient standard since the Court does not have the benefit of discovery.  HHS also acknowledges that Courts in this circuit often follow the ***Lusardi*** two step approach forwarded in Plaintiff's brief. While a plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly

2

situated persons may exist, at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan must be presented. *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996) *Lima v. Int'l Catastrophe Solutions, Inc.,* 493 F.Supp.2d 793, 798 (E.D.La.6/27/2007) (Fallon, J.); *Badgett,* 153 Lab. Cas. (CCH) P35,224 at 2; *H&R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex.6/23/1999) (Cobb, J.). Otherwise, the plaintiff's motion must be denied.

Even at this early stage, the Court must still have substantial allegations that the putative class members were together the victims of a single decision, policy or plan.  Although the standard is lenient, general allegations that the employer violated the FLSA are insufficient.  Even when considering the more lenient standards for conditional certification, Plaintiff has failed to meet his burden. *Tyson Foods, Inc. v. Bouaphakeo,* 136 S.Ct. 1036, 1043, 194 L. Ed. 2d 124 (2016); see also *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003). *Chapman v. LHC Group, Inc.,* 126 F. Supp. 3d 711, 720 (E.D. La. 2015) (Brown, J.) (citing *Melson v. Directech Southwest, Inc.*, Civ. A. No. 07-1087, 2008 U.S. Dist. LEXIS 48525, 2008 WL 258988, at *4 (E.D. La. Jun. 25, 2008) (Feldman, J.)).

Courts have employed the following three factor evaluation "(1) whether Plaintiffs have demonstrated a reasonable basis for believing that aggrieved individual exist, (2) whether those aggrieved individuals are similarly situated to Plaintiffs, and (3) whether those individuals desire to opt-in to this lawsuit." *Crowly v. Paint & Body Experts of Slidell, Inc.,* No. 14-172, 2014 WL 2506519 (E.D. La. June 3, 2014)(Brown, J.).

3

In *Crowley*, the Court rejected the motion to conditionally certify under the FLSA. The Court stated that the "standard for conditional certification…is not automatic." The Court held that because two affidavits supplied by the named Plaintiffs only offered "conclusory assertions that other employees were subject to unlawful overtime policies and would desire to opt-in to this action," conditional certification was not appropriate. *Id* at 8.

In this matter, there are two supporting affidavits, one by Zabian Rowe and the other by St. Raymond Cooper. Both make general, vague allegations about other employees being subject to unlawful overtime policies. Counsel for Mr. Rowe, Charles Stiegler has attached his own affidavit to purportedly demonstrate some unlawful policy of HHS.  The memorandum attached by Mr. Stiegler is nothing more than a reminder to employees to work their assigned shifts.  Further, there is nothing wrongful about a company being mindful of budgets and resources. It is unclear what the intent of including the memorandum was, but it certainly does not reflect an illegal policy. Plaintiff has failed to provide anything other than conclusory statements to demonstrate a reasonable basis that a class exists.

Plaintiff has also failed to meet his burden that any additional aggrieved individuals are similar to him.  There are no other employees identified in the affidavits.  Further, Plaintiff's proposed class includes individuals at other HHS facilities in Louisiana, which he does not and likely cannot, identify.  Plaintiff has failed to meet his burden that every employee of HHS in Louisiana was subject to a single decision, policy or plan. At best, Plaintiff has demonstrated that employees at his location received a memorandum reminding them of the lawful HHS policy. He has failed to meet the burden of proof.

In the end, all Plaintiff is able to do is make general allegations that HHS violated the FLSA.  More is required and for that reason, Plaintiff's Motion for Conditional Certification should fail.

## II. IF CONDITIONAL CERTIFICATION IS GRANTED, THE COURT SHOULD LIMIT THE NOTICE

If this Court is inclined to grant Conditional Certification, HHS respectfully requests that the Notice be reasonably limited, in terms of potential class members and the form of notice. Plaintiff has requested that the Court conditionally certify:

> "All nonexempt hourly employees of Hospital Housekeeping Systems, LLC, who worked within the State of Louisiana at any time between September 20, 2014 to the date of judgment in this action."(R. Doc. 19).

Defendants respectfully submit that the Court should not extend certification beyond those employees who worked at the Tulane-Lakeside Hospital. HHS operates multiple facilities in Louisiana.  There is not an allegation related to any facility other than Tulane Lakeside Hospital, where Mr. Rowe worked.  It would be unreasonable to expand the notice to other unrelated facilities.  First of all, the plaintiff and the opt-in parties all worked for HHS at the Tulane-Lakeside Hospital.  (R. Doc. 19-3 and 19-4). See, *McKnight v. D. Houston*, 756 F. Supp. 2d 794 (S.D. Texas Nov. 18, 2010)(conditional certification was not warranted as to the four clubs who had no current or former employees participating in the litigation.) Secondly, plaintiff has not submitted any evidence that a similar policy or approach has been utilized at other HHS facilities within the State of Louisiana. Finally, plaintiff has not submitted any evidence that employees at other HHS facilities would be interested in joining this action.

Plaintiff must provide some evidence that a similar policy or approach is used at the other HHS facilities to make conditional certification of a broader class of employees who worked at

other locations. *See Trinh v. J.P. Morgan Chase & Co.,* No. 07–CV–1666, 2008 WL 1860161, at *4 (S. D. Cal. Apr. 22, 2008) ("At most, Plaintiffs' affidavits establish a few similarities in training and compensating rookie sub-prime loan officers in the singular Southern California market. Plaintiffs provide no real evidence, beyond their own speculative beliefs, suggesting that all JPMorgan loan officers across the country, regardless of location or experience, receive the same compensation and are required to work in the same manner."); *Sheffield v. Orius Corp.,* 211 F.R.D. 411 at 417 (D. Oreg. Nov. 8, 2002) (denying certification of a class made up of employees of parent corporation and its subsidiaries and affiliates throughout the United States, because factual differences existed between overtime pay practices and job descriptions in different units and subsidiaries); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362–63 (M.D.Ala.1999) (refusing to include in a class employees of chains other restaurants when the evidence of FLSA violations was limited to a single restaurant); *Brooks v. BellSouth Telecomms.,* 164 F.R.D. 561, 566–67 (N.D.Ala.1995) (refusing to certify a class consisting of management employees in "any unit, division or subsidiary" of the employer, when the proffered evidence was insufficient to support the allegation of an overarching discriminatory pattern); *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 948 (M.D. Flor. Sept, 21, 1994)(finding that the plaintiffs had failed to show that employees working at truck terminals other than the terminal where the named plaintiffs worked were similarly situated to those plaintiffs).

Unlike the Tulane-Lakeside Hospital, none of the other HHS locations have any current or former employees participating in this litigation. *See Lucas v. BMS Enters., Inc.,* No. 3:09–CV–2159–D, 2010 WL 2671305, at *3 n. 7 (N.D. Tex. July 1, 2010) (declining to include in a class employees of a related employer when none of the plaintiffs worked for the related employer, and clarifying that "*Aguilar* does not suggest that plaintiffs may state an FLSA claim against corporate

entities whom the plaintiffs can merely show will be *some class member's* employer, but not *their* employer" (emphasis in original)). Plaintiff has presented no basis to show that there are any employees of the other HHS facilities who may be interested in opting in. "Others' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Simmons v. T-Mobile USA, Inc.,* No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (citing *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex.1999)); *Detho v. Bilal,* Civ. A. No. H–07–2160, 2008 WL 1730542, at *4 (S. D. Tex. Apr. 10, 2008) (***declining to include in the class persons employed at locations other than the location at which the named Plaintiffs were employed***). Even when a common owner has only a few small locations, there must be at least some minimal showing that employees at other locations are interested in joining the suit. *See Detho v. Bilal,* No. H-07-2160, 2008 WL 1730542, at *6 (S.D. Tex. Apr. 10, 2008) (refusing certification for employees at a two-store chain when only evidence that employees at the other location were interested was the plaintiff's affidavit stating that she " 'believes' there are other employees 'who may be interested in joining a collective action to recover for unpaid overtime compensation' " (quoting the affidavit)) (citing *Prater,* 2007 WL 4146714, at *8–9; *Parker,* 492 F.Supp.2d at 1165; *Simmons,* 2007 WL 210008, at *9). In the absence of such a minimal showing, defendant respectfully submits that notice to employees of other HHS facilities is not proper at this point. On the present record, notice would only be appropriate as to former and current HHS employees who worked at the Tulane-Lakeside Hospital. *See Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363–65 (M.D. Ala. Jan, 25, 1999) (allowing notice to a portion of the proposed class when the evidence did not support notification for the entire proposed class).

Further, the timeframe requested is overly broad and would likely include potential class members who were not employed at the facility during the time of the events Mr. Rowe complains. For these reasons, if this Court were to order notice be given, it should be limited to employees at Tulane Lakeside Hospital for the period of Mr. Rowe's employment.

The second issue with Plaintiff proposed notice is the manner in which they seek notice to be given. Plaintiff has requested notice be given by US Mail, electronic mail and text message. It is unreasonable to require notice in three (3) distinct forms. Rather, if notice is to be given, US Mail is appropriate. HHS also objects to Plaintiff's request to post notice within its facility. Plaintiff cites no legal authority in Louisiana for this request and it appears to be aimed to simply harass HHS and its employees. There is no justification for the request to post notice in any facility and HHS would request the Court deny this request. HHS also objects to providing notice via text message without some limitation. Counsel is concerned that if text message notice is allowed, its employees would receive repeated text messages and solicitations about this matter. If the Court allows notice via text, it should establish an appropriate procedure to limit the number of texts to one and establish what time of the day the message can be sent to avoid harassment of employees.

Finally, HHS objects to Plaintiff's request to provide the last known address, telephone numbers, email addresses and dates of employment for all members of the collective as requested. HHS will timely comply with an Order or directive of this Court, but it may not have all the requested information about the employees. For instance, HHS' employment application does not ask for an email address. An email address would not be part of any document listing current and former employees at a facility.

## <u>CONCLUSION</u>

Even under the forgiving standards for Conditional Certification, Plaintiff has failed to meet his burden.  Certification requires more than Plaintiff's wishful thinking that a collective action is warranted. Yet at this stage, that is all that has been established.  Certainly, more is required and as such, Plaintiff's Motion for Conditional Certification should be denied.  In the event this Court grants Conditional Certification, HHS would respectfully request the proposed Notice be reasonably limited as stated above.

Respectfully submitted,

**/s/Adrienne D. Rachel**
**NICHOLAS C. GRISTINA (#28062)**
**ADRIENNE D. RACHEL (#34391)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
Facsimile: (225) 448-0917
arachel@phjlaw.com

and

**GREGG J. LYTLE, pro hac to be submitted**
**Oklahoma Bar No. 20759**
McDaniel Acord, PLLC
9343 E. 95th Court
Tulsa, OK 74133
Telephone: (918) 382-9200
Facsimile: (918) 382-9282
glytle@ok-counsel.com

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filings to all CM/ECF participants on February 2, 2018.

<u>/s/Adrienne D. Rachel</u>
**ADRIENNE D. RACHEL**