UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZABIAN ROWE | CIVIL ACTION<br>NO. 2:17-cv-09376 |
| VERSUS | SECTION "I"<br>JUDGE AFRICK |
| HOSPITAL HOUSEKEEPING<br>SYSTEMS, LLC | MAG. DIV. (1)<br>MAG. JUDGE VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OPT-IN PLAINTIFFS BY HOSPITAL HOUSEKEEPING SYSTEMS, LLC**

**MAY IT PLEASE THE COURT:**

Defendant, Hospital Housekeeping Systems, LLC ("HHS"), submits this memorandum in support of its Motion to Dismiss Opt-in Plaintiffs. HHS respectfully requests that this Court dismiss all opt-in plaintiffs pursuant to the February 6, 2018 Order denying conditional certification. Since conditional certification has been denied, the case cannot proceed as a collective action and the claims of the opt-in plaintiffs must be dismissed without prejudice.

### I. *The Complaint and the Opt-Ins*

Zabian Rowe, the only named plaintiff, filed this action against HHS as a collection action alleging violations under the Fair Labor Standards Act ("FLSA"). [R. Doc. 1]. Since the filing of the Complaint, St. Raymond Cooper and Gwendolyn Morris have filed notices of consent seeking to opt-in the collection action ("Opt-In Plaintiffs"). [R. Docs. 7 and 13].

### II. *The Court's Denial of Conditional Certification*

On January 22, 2018, plaintiff filed a Motion to Conditionally Certify a Collective Action under the FLSA, in which he requested an order conditionally certifying the case as a collective

action and authorizing court-approved notice to potential plaintiffs. [R. Doc. 19]. On February 6, 2018, the Court denied the Motion, holding that the plaintiffs' claims were not appropriate for collective treatment. [R. Doc. 24].

### III. *All Opt-In Plaintiffs Should be Dismissed*

Now that conditional certification has been denied, dismissal of the opt-in plaintiffs is the inevitable next step because there is no longer a collective action into which a potential plaintiff can opt. In other words, since the Court has ruled that Zabian Rowe cannot represent the purported opt-ins, the opt-in plaintiffs have no legal basis for remaining in the case. As the Fifth Circuit has recognized, once a court decertifies a collective action, it "must" dismiss opt-in plaintiffs, "leaving only the named plaintiff's original claims." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008); *see also, Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3, 8 (E.D. La. July 2, 2004) (denying plaintiffs' motion for conditional certification and court-supervised notice and allowing only named plaintiffs to proceed on individual claims); *Clay v. Huntington Ingalls, Inc.*, No. 09-7625, 2012 WL 860375 (E.D. La. March 13, 2012)(dismissing without prejudice the opt-in plaintiffs reasoning that "to now allow the Opt-In Plaintiffs to be converted into named plaintiffs would violate the policies and practical considerations underlying the decision not to certify the collective action in the first place.").[1] When certification of a collective action has been denied, opt-in plaintiffs are simply no longer parties to the action. *See,*

---

[1] *See also, e.g., Bamgbose v. Delta-T Group, Inc.*, 724 F. Supp. 2d 510, 514 (E.D. Pa. 2010) (collecting and comparing cases); *Odem v. Centex Homes*, No. 3:08-cv-1196, 2010 WL 424216 (N.D. Tex. Feb. 4, 2010) (denying plaintiffs' motion for conditional certification and dismissing opt-in plaintiffs without prejudice); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 512 (M.D. La. 2005) (granting defendants' motion to reject conditional certification and allowing plaintiffs to proceed on their individual claims.); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.").

*e.g.*, *Sandoz*, 553 F.3d at 916 n.2; *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-cv-592, 2011 WL 4351631, (W.D.N.C. Sept. 16, 2011); *Basco*, 2004 WL 1497709.

In this case, the Court has found that "Rowe's current showing fails to establish a 'reasonable basis for the allegation that a class of similarly situated persons may exist.'" *Quoting, Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). [R. Doc. 24]. The Court's Order is a reasoned and deliberate determination that the plaintiff's claims are not amenable to collective treatment. Therefore, dismissal of the opt-in plaintiffs is the appropriate and mandatory next step. *See Sandoz*, 553 F.3d at 916; *see also, e.g., Blaney*, 2011 WL 4351631, *11 and *Clay*, 2012 WL 860375.

### IV.  Conclusion

Based on the Court's denial of the plaintiff's motion for conditional certification, HHS respectfully requests that the Court dismiss the claims of all opt-in plaintiffs without prejudice.

Respectfully submitted,

/s/Adrienne D. Rachel
**NICHOLAS C. GRISTINA (#28062)**
**ADRIENNE D. RACHEL (#34391)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-8900
Facsimile: (225) 448-0917
arachel@phjlaw.com

and

**GREGG J. LYTLE, pro hac**
**Oklahoma Bar No. 20759**
McDaniel Acord, PLLC
9343 E. 95th Court
Tulsa, OK 74133
Telephone: (918) 382-9200
Facsimile: (918) 382-9282
glytle@ok-counsel.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filings to all CM/ECF participants on February 15, 2018.

/s/Adrienne D. Rachel
**ADRIENNE D. RACHEL**