## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**ZABIAN ROWE**                                    **CIVIL ACTION**

**VERSUS**                                             **No. 17-9376**

**HOSPITAL HOUSEKEEPING SYSTEMS, LLC**          **SECTION I**

## ORDER & REASONS

In this Fair Labor Standards Act ("FLSA") case, plaintiff Zabian Rowe ("Rowe") asserts that defendant Hospital Housekeeping Systems, LLC ("HHS") "underpays wages and overtime by reducing hours from employee time records, and encourages and pressures individual supervisors to do the same."[1]  Rowe further contends that "HHS also applies a half-hour automatic lunch deduction from its employee's time records, even though [p]laintiff often worked through his meal break."[2]

In the weeks after Rowe filed his lawsuit, two other HHS employees, St. Raymond Cooper ("Cooper") and Gwendolyn Morris ("Morris"), filed notices of consent to become party plaintiffs.[3]  Soon thereafter, Rowe moved to conditionally certify a collective action involving "[a]ll nonexempt hourly employees of [HHS], who worked within the State of Louisiana at any time between September 20, 2014 to the date of judgment in this action."[4]  Concluding that Rowe failed to make the requisite showing

---

[1] R. Doc. No. 19-2, at 2.
[2] *Id.*
[3] R. Doc. No. 7; R. Doc. No. 13.
[4] R. Doc. No. 19.

to justify class certification, the Court denied Rowe's motion for conditional certification without prejudice.[5]

HHS now moves to dismiss the claims of opt-in plaintiffs Cooper and Morris from the case.  HHS argues that "[n]ow that conditional certification has been denied, dismissal of the opt-in plaintiffs is the inevitable next step because there is no longer a collective action into which a potential plaintiff can opt."[6]  In other words, HHS contends, "since the Court has ruled that [] Rowe cannot represent the purported opt-ins, the opt-in plaintiffs have no legal basis for remaining in the case."[7]

Rowe counters that dismissal of the opt-in plaintiffs' claims would be "premature."[8]  He argues that conditional certification is not mandatory for opt-in plaintiffs to remain in a lawsuit.[9]  He further contends that the Court should exercise discretion to retain Cooper and Morris in this action.[10]

The Court exercises its discretion and concludes that the opt-in plaintiffs' claims should be dismissed from this case without prejudice.  Typically, such action would come, if at all, upon the granting of a motion by the defendant to decertify the class after the completion of discovery.  *See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) ("[O]nce discovery is complete and the employer moves to decertify the collective action, the court must make a factual determination

---

[5] R. Doc. No. 24.
[6] R. Doc. No. 25-1, at 2.
[7] *Id.*
[8] R. Doc. No. 26, at 1.
[9] *Id.* at 4.
[10] *Id.*

as to whether there are similarly-situated employees who have opted in.  If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims.").  However, the outcome should not necessarily be any different in a situation where conditional certification was never granted in the first place.  To the contrary, dismissal of the opt-in plaintiffs' claims in a case in which no class is certified is appropriate.  *See Clay v. Huntington Ingalls, Inc.*, 2012 WL 860375, at *3 (E.D. La. March 13, 2012) (Brown, J.) ("When a court declines to certify a class under the FLSA, the claims of the opt-in plaintiffs can no longer proceed as such.  As a result, courts typically dismiss the claims of the opt-in plaintiffs without prejudice.") (citing *Sandoz*, 553 F.3d at 916 n. 2;  *Basco v. Wal–Mart Stores, Inc.*, No. 00–3184, 2004 WL 1497709, at *3, 8 (E.D. La. July 2, 2004) (Duval, J.)).

At this point, there are only two opt-in plaintiffs whose claims will be dismissed without prejudice.  *Cf. Bamgbose v. Delta-T Group, Inc.*, 724 F. Supp. 2d 510, 512, 514 (E.D. Pa. 2010) (discussing principles of judicial economy that justified allowing 60 opt-in plaintiffs to remain in an FLSA action following a denial of conditional class certification).  Upon dismissal, Cooper and Morris are, of course, free to file lawsuits of their own asserting their individual claims against HHS.  Alternatively, should Rowe successfully renew his motion for class certification, Cooper and Morris may rejoin this case with minimal inconvenience.  Until such time, Cooper and Morris cannot proceed as opt-in plaintiffs.

Accordingly,

**IT IS ORDERED** that HHS' motion to dismiss is **GRANTED** and that the claims of opt-in plaintiffs Cooper and Morris set forth in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, February 28, 2018.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**